IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DONALD F. SCOTT,

               Petitioner,     :     Case No. 3:18-cv-334

  - vs -                                District Judge Walter H. Rice
                                        Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution

                                   :

               Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 25, 26), and the Return of Writ (ECF No. 27). Petitioner's deadline for filing a reply was April 15, 2019, but no reply has been filed.

**Litigation History**

Scott was indicted by the Montgomery County, Ohio, Grand Jury on June 18, 2014, on four counts of felonious assault with a deadly weapon. He pleaded no contest to two of the counts in return for dismissal of the other two and was sentenced to community control for five years. Having once been sanctioned for breach of community control, Scott was again before the Common Pleas Court on a subsequent alleged violation on October 7, 2016. Found again in violation, he was sentenced to two concurrent terms of three years each on the two counts of felonious assault. Scott appealed to the Second District Court of Appeals which affirmed the trial

1

court. *State v. Scott,* 2nd Dist. Montgomery No. 27299, 2017-Ohio-4100 (Jun. 2, 2017) ("*Scott I*"), appellate jurisdiction declined, 150 Ohio St. 3d 1455 (2017). On August 1, 2017, Scott filed an Application to Reopen his appeal under Ohio R. App. P. 26(B) which the Second District denied. *State v. Scott,* No. 27299 (2nd Dist., Oct. 18, 2017) (unreported; copy at State Court Record, ECF No. 25, PageID 212-21.)

In 2018 Scott filed motions in the Court of Common Pleas to vacate a void sentence, for summary judgment to vacate a void sentence, and requesting findings of fact and conclusions of law. All were denied and Scott appealed and the Second District affirmed, *State v. Scott*, 2nd Dist. Montgomery No. 28039, 2019-Ohio-400 (Feb. 8, 2019) ("*Scott II*"). Scott took no appeal to the Supreme Court of Ohio.

Scott's habeas corpus petition, filed before this most recent Second District decision, pleads the following grounds for relief:

> **Ground One:** The petitioner is being detained against his will pursuant to a Void Illegal Sentence.
>
> **Supporting Facts:** The trial court did not adhere to State statutes concerning: 1. Maximum and consecutive sentencing Ohio Revised Code §2929.13 A-C; 2. State statutes concerning notification of sentencing for violation of Community Control.
>
> **Ground Two**: Ineffective Assistance of Counsel
>
> **Supporting Facts:** Trial Counsel, Jeffery Gramza, allowed the petitioner to accept a plea that is illegal and void; Appellate counsel, Jay A. Adams, refused to attack the void illegal plea and sentence and colluded with the state prosecution to deny justice at the appellate level.
>
> **Ground Three:** Violation of the petitioner's 5th Amendment right of the United States Constitution.
>
> **Supporting Facts:** The trial court imposed an illegal 8 year sentence to be served consecutively, then at the subsequent

sentencing hearing for an [sic] community control violation modified or changed it to a 3 year concurrent sentence. The Defendant-Petitioner, Donald F. Scott, Sr., avers that this modification constitutes successive punishment and is therefore a Double Jeopardy violation pursuant to the 5th Amendment of the United States Constitution.

**Ground Four:** Violation of the petitioner's 6th Amendment right of the United States Constitution.

**Supporting Facts**: The trial court imposed an illegal 8 year sentence to be served consecutively, then at the subsequent sentencing hearing for an [sic] community control violation modified or changed it to a 3 year concurrent sentence. The Defendant-Petitioner, Donald F. Scott, Sr., avers that this modification constitutes successive punishment and is therefore a Speedy Trial violation pursuant to the 6th Amendment of the United States Constitution. The petitioner was not afforded the right of Assistance of Counsel to confront and defend himself from this new sentence.

**Ground Five**: Violation of the petitioner's 8th Amendment right of the United States Constitution.

**Supporting Facts:** The trial court imposed an illegal 8 year sentence to be served consecutively, then at the subsequent sentencing hearing for an [sic] community control violation modified or changed it to a 3 year concurrent sentence. The Defendant-Petitioner, Donald F. Scott, Sr., avers that this modification constitutes successive punishment and cruel and unusual punishment inflicted, pursuant to the 8th Amendment of the United States Constitution.

**Ground Six:** Violation of the petitioner's 14th Amendment right of the United States Constitution.

**Supporting Facts:** The trial court imposed an illegal 8 year sentence to be served consecutively, then at the subsequent sentencing hearing for an [sic] community control violation modified or changed it to a 3 year concurrent sentence. The Defendant-Petitioner, Donald F. Scott, Sr., avers that this modification constitutes successive punishment and denial of liberty without due process of law; denial to a person within its jurisdiction of the equal protection of the laws, pursuant to the 14th Amendment of the United States Constitution.

(Petition, ECF No. 3, PageID 33-40).

# Analysis

**Ground One: Void Illegal Sentence**

In his First Ground for Relief, Scott alleges his sentence is void because Ohio statues concerning maximum and consecutive sentences and notification of violations of community control were not followed in his case. Respondent asserts this Ground fails to state a claim upon which habeas corpus relief can be granted (Return, ECF No. 27, PageID 415-16) and Scott has made no reply.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825) (Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018) (Thapar, J., concurring). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohavne*, 516 U.S. 99, 111 (1995).

Because it does not state a federal constitutional claim, Ground One should be dismissed.

**Ground Two: Ineffective Assistance of Trial and Appellate Counsel**

In his Second Ground for Relief, Scott claims he received ineffective assistance of trial counsel when his trial attorney allowed him to "accept a plea that is illegal and void." He claims his appellate attorney provided ineffective assistance of appellate counsel when he failed to attack that void plea.

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S. 111, 123-24 (2009).

With respect to the first prong, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

> that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694; accord *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177, 1180-81 (6th Cir. 1987).

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as "an active advocate, rather than merely as a friend of the court." *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); accord *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963); accord *Anders v. California*, 386 U.S. 738 (1967). The right to counsel is limited to the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600 (1974). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). "To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011), citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008).

Respondent asserts Scott's claim of ineffective assistance of trial counsel is procedurally defaulted because it was available to be made from the appellate record but not raised on direct appeal. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S. Ct. 612, 175 L. Ed. 2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman*, 501 U.S., at 731-732, 111 S. Ct. 2546, 115 L. Ed. 2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord *Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>      . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138 ; accord *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule that ineffective assistance of trial counsel claims available on the direct appeal record must be raised then or later be barred by *res judicata.* The Second District enforced that rule against Scott:

> **{¶ 16}** "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995- Ohio 331, 653 N.E.2d 226 (1995). The res judicata bar applies to any issue that was raised or

> could have been raised in a criminal defendant's prior appeal from his conviction or any other final appealable order. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).
>
> * * *
>
> **{¶ 22}** Upon review of the record, the trial court's impositions of community control in November 2014 and February 2016 were not void, and the trial court's imposition of concurrent three-year prison terms in October 2016 was not void. Accordingly, the doctrine of res judicata applies, and all challenges to Scott's three-year sentence should have been raised in his appeal from the court's revocation of community control.

*Scott II,* 2019-Ohio-400.

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry,* 10 Ohio St. 2d 175, is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994) (citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001) (Smith, J.).

Scott has offered no excusing cause and prejudice for failing to raise his ineffective assistance of trial counsel claim on direct appeal except for his claim that it was ineffective assistance of appellate counsel to omit it. To rely on ineffective assistance of appellate counsel to excuse a procedural default, a petitioner must properly present the ineffective assistance of appellate counsel claim to the state courts and exhaust it within that system. *Edwards v. Carpenter*, 529 U.S. 446 (2000), Scott raised this ineffective assistance of appellate counsel claim in his Rule 26(B) application, which is the proper method for raising such a claim in Ohio. However, he procedurally defaulted that claim by not appealing to the Supreme Court of Ohio.

Ground Two is therefore procedurally defaulted and should be dismissed on that basis.

**Ground Three: Double Jeopardy**

In his third Ground for Relief, Scott alleges his Double Jeopardy rights under the Fifth Amendment were violated when his sentence was changed at the second hearing for community control violation from an illegal eight-year sentence to two three-year concurrent sentences.

Respondent asserts this claim should be dismissed as procedurally defaulted under the *Perry res judicata* rule, because it has never been presented to the Ohio courts and would be dismissed on that basis if Scott now attempted to raise it in the Ohio courts. Scott makes no response, and this defense is well taken: the claim could have been raised on direct appeal and was not.

Ground Three should therefore be dismissed.

**Ground Four: Speedy Trial**

In Ground Four Scott claims his Sixth Amendment right to a speedy trial was violated by the sentence modification that occurred on his second community control violation. Respondent correctly asserts this claim should be dismissed on the same basis as Ground Three, and the Magistrate Judge recommends same.

**Ground Five: Cruel and Unusual Punishment**

In Ground Five, Scott asserts imposition of a committed sentence on his second community

control violation constitutes cruel and unusual punishment in violation of the Eighth Amendment. Respondent correctly asserts this claim should be dismissed on the same basis as Ground Three, and the Magistrate Judge recommends same.

**Ground Six: Due Process and Equal Protection**

In his Sixth Ground for Relief, Scott alleges he was denied due process and equal protection of the laws by the manner in which his community control sanction was revoked.

As Respondent correctly notes, Scott made no equal protection claim in the state courts and that claim is accordingly procedurally defaulted.

Scott did make a due process claim on direct appeal and the Second District decided it as follows:

> **I. Facts and Course of Proceedings**
>
> {¶ 2} On June 18, 2014, the Montgomery County Grand Jury indicted Scott on four counts of felonious assault with a deadly weapon, felonies in the second degree, in violation of R.C. 2903.11(A)(2). Dkt. 5. On September 2, 2014, Scott pled no contest to two counts of felonious assault with a deadly weapon and the State dismissed the remaining two counts. Dkt. 62. On November 18, 2014, the trial court found Scott guilty on both counts and sentenced him to community control sanctions for a period not to exceed five years. Dkt. 85. The termination entry stated that the trial court could impose prison terms of eight years for each count if Scott failed to comply with the terms of his community control or if he violated the law.
>
> {¶ 3} On December 2, 2015, a notice of community control revocation was filed against Scott, and on January 28, 2016, an amended notice of community control revocation was filed. Dkt. 89, 97. On February 11, 2016, the trial court continued Scott on community control sanctions for up to five years subject to the

previous sanctions. The trial court modified the sanctions by adding the following: (1) Scott must serve 90 days in the Montgomery County Jail; (2) Scott must appear for a status hearing on April 4, 2016, and (3) Scott must complete 140 hours of community service. Dkt. 102.

**{¶ 4}** On July 14, 2016, another notice of community control revocation was filed against Scott. Dkt. 112. The notice alleged that Scott (1) violated Rule 1 of his community control sanctions when he was charged with possession of drug paraphernalia and driving under suspension in Miamisburg Municipal Court and with petty theft and falsification in Moraine Mayor's Court; (2) violated Rule 5 of his community control by failing to report to the trial court for a status hearing; and (3) violated Special Sanctions 5 and 7 by failing to make child support payments and failing to verify the completion of community service.

**{¶ 5}** On July 25, 2016, the trial court held a hearing for a first reading of Scott's community control revocation. At that hearing, Scott acknowledged receipt of the notice of revocation, waived the probable cause hearing, waived the reading of the notice of revocation, and entered a general denial of the alleged violation. Transcript, p. 4. The trial court then set the matter for an evidentiary hearing for October 7, 2016.

**{¶ 6}** On October 7, 2016, the trial court was informed that Scott would be admitting to certain violations of his community control sanctions. *Id.* at 8-9. At the hearing, Scott admitted to the violation of Rule 5 as set forth in the notice of revocation. *Id.* at 9-12. He admitted to not appearing before the trial court for his status hearing and not reporting to his probation officer. Scott also admitted to violating Rule 1, but stated that the notice of revocation was not completely accurate because he was not found guilty of all of the charges in the notice. *Id.* Scott's counsel discussed the rule violations and mitigating factors and Scott addressed the trial court about mitigating factors. *Id.*

**{¶ 7}** After hearing from Scott and his counsel, the trial court stated, in part (*id.* at 13):

> It should be noted that the Court previously dealt with a revocation issue in this matter and I reinstated Mr. Scott to community control sanctions with what I will describe, I think fairly, as a stern warning.
> Mr. Scott was placed on no breaks status. I think that background speaks for itself.

> In this case, I revoke Mr. Scott's community control sanctions on both counts and I impose a sentence of three years CRC on each count to run concurrently.

**{¶ 8}** After the hearing, the trial court issued a Termination Entry. Dkt. 117. The trial court sentenced Scott to three years in prison on each of the two counts of felonious assault, to be served concurrently. Scott appeals from the trial court's decision.

**II. The Trial Court Satisfied The Requirement That It Make A Written Statement As To The Evidence It Relied Upon And The Reasons For Revoking Community Control**

**{¶ 9}** Scott's sole assignment of error states:

THE TRIAL COURT ERRED IN VIOLATING THE RIGHTS OF APPELLANT TO DUE PROCESS AND IN THE IMPOSITION OF SENTENCE.

**{¶ 10}** In *State v. Cunningham*, 2d Dist. Clark Nos. 2014-CA-99, 2014-CA-100, 2015--Ohio-2554, ¶ 11, we noted that:

> A defendant is entitled to due process when his community control is revoked as the result of a violation of a condition imposed on that control. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The due process rights which must be observed in a community control revocation hearing are: (1) written notice of the claimed violations of community control; (2) disclosure of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control. *Gagnon* at 786, quoting *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *State v. Nallen*, 2d Dist. Miami No. 2012 CA 24, 2013-Ohio-3284, P18.

 **[\*P11]** Scott concedes that the first five requirements set forth in *Gagnon* were satisfied. But Scott contends that the trial court failed "to set forth a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation." Brief, p. 4.

According to Scott, this failure denied him the procedural due process required by *Gagnon*.

 [*P12]  In *State v. Delaney*, 11 Ohio St.3d 231, 11 Ohio B. 545, 465 N.E.2d 72 (1984), the Supreme Court of Ohio addressed *Gagnon's* requirement that the factfinder provide a written statement as to the evidence relied on and the reasons for revoking probation or parole. The Court held (*id.* at 234-35):

> No such written statement was provided in the instant case, but the trial court judge orally stated his findings and reasons for revoking appellant's probation. This statement was made on the record and directed to the appellant, who was present at the time.
>
> Although we do not condone the use of oral "explanations" in lieu of written statements detailing the basis for a trial court's determination in revocation proceedings, we find that, in this case, the trial court's statement sufficiently informed the appellant of the reasons for which his probation was being revoked, while also providing an adequate record for review on appeal. * * * We therefore do not find any deprivation of the appellant's right to due process in this case.

*See also State v. Hill*, 2d Dist. Montgomery No. 7301, 1982 Ohio App. LEXIS 15503, 1982 WL 3811, * 2 (Oct. 4, 1982) (holding that the written statement requirement is satisfied by advising "the probationer at the hearing itself, with particularity, of the evidence and the reasons for revocation, and ascertain[ing] that the announced revocation rationale is transcribed for the record.")

 [*P13]  Further, we have previously held that the *Gagnon* requirements were complied with when the trial court provided defendant with a written judgment entry and "because appellant entered an admission there was no evidence to include in the entry." *State v. Longworth*, 2d Dist. Montgomery No. 24327, 2011-Ohio-4191, ¶ 25. Scott entered an admission of guilt at the hearing and the trial court explained on the record the basis for its ruling. The hearing was transcribed and the trial court subsequently entered a written judgment. Therefore, we conclude that the trial court satisfied *Gagnon's* requirement of a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control. *Id.*; *Delaney* at 234-235. Scott's assignment of error is overruled.

*Scott I,* 2017-Ohio-4100.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Here, the Second District decided Scott's due process claim on the merits and he has made no showing (or even argument) that this decision is an objectively unreasonable application of the relevant Supreme Court precedent, particularly *Gagnon* and *Morrissey*. As Respondent notes, both the Supreme Court and the Sixth Circuit have approved procedures that comply in substance with those two decisions. (Return, ECF No. 27, PageID 426-27, citing *Black v. Romano,* 471 U.S. 606, 615-16 (1985), and *United States v. Blackshear*, No. 92-3881, 1993 U.S. App. LEXIS 20282 (6th Cir. Jul. 29, 1993).

Because the Second District's decision on Scott's due process claim is an objectively reasonable application of the relevant Supreme Court precedent, it is entitled to deference under 28 U.S.C. § 2254(d)(1). Ground Sis should therefore be dismissed on the merits.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth

15

Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 22, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).